ERIC W. SWANIS, ESQ.
Nevada Bar No. 6840
**GREENBERG TRAURIG, LLP**
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
Telephone: (702) 792-3773
Facsimile:  (702) 792-9002
Email: swanise@gtlaw.com

CHRISTOPHER J. NEUMANN, ESQ.
*Admitted Pro Hac Vice*
**GREENBERG TRAURIG, LLP**
1144 15th Street, Suite 3300
Denver, Colorado 80202
Telephone: (303) 572-6500
Email:  neumannc@gtlaw.com

*Counsel for Defendants*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| GEORGE CUSTER, | Case No. 3:20-cv-00302-MMD-BNW |
| Plaintiff, | **STIPULATION TO STAY DISCOVERY AND ALL PRETRIAL DEADLINES** |
| v. | **(SECOND REQUEST)** |
| C. R. BARD, INCORPORATED and BARD PERIPHERAL VASCULAR, INCORPORATED, | |
| Defendants. | |

Plaintiff George Custer ("Plaintiff") and Defendants C. R. Bard, Inc. and Bard Peripheral Vascular, Inc. ("Defendants" and collectively with Plaintiff, the "Parties"), pursuant to Fed. R. Civ. P. 26(c) and (d) and LR IA 6-2, respectfully request that this Court temporarily stay discovery and all pretrial deadlines until **April 19, 2021** while the Parties finalize settlement documents.  In support thereof, the Parties state as follows:

1.      This case was part of the Multi-District Litigation proceeding *In re: Bard IVC Filters Product Liability Litigation*, pending before Senior Judge David Campbell of the District of Arizona.

/ / /

GREENBERG TRAURIG, LLP
10845 Griffith Peak Drive
Suite 600
Las Vegas, Nevada  89135
Telephone: (702) 792-3773
Facsimile: (702) 792-9002

GREENBERG TRAURIG, LLP
10845 Griffith Peak Drive
Suite 600
Las Vegas, Nevada  89135
Telephone: (702) 792-3773
Facsimile: (702) 792-9002

2.     Plaintiff alleges experiencing complications following the implantation of a Bard Inferior Vena Cava ("IVC") filter, a prescription medical device.  He has asserted three strict products liability counts (manufacturing defect, information defect (failure to warn) and design defect), six negligence counts (design, manufacture, failure to recall/retrofit, failure to warn, negligent misrepresentation and negligence per se), two breach of warranty counts (express and implied), two counts sounding in fraud (fraudulent misrepresentation and fraudulent concealment), an unfair and deceptive trade practices count, and a claim for punitive damages.

3.     Defendants deny the allegations contained in the Complaint.

4.     After four years, the completion of general issue discovery, and the conduct of three bellwether trials, Judge Campbell ordered that cases, which have not settled or are not close to settling, be transferred or remanded to the appropriate jurisdictions around the country for case-specific discovery and trial.  As a part of that process, he established a "track" system, wherein certain cases were placed on tracks either to finalize settlement paperwork, continue settlement negotiations, or be remanded or transferred.

5.     This case was transferred to this Court on March 30, 2020 because at the time it was not close to settling. But, since that date, the Parties have engaged in further settlement discussions and have reached a settlement in principle.  The Parties believe that a stay is necessary to conserve their resources and attention so that they may finalize settlement documents in this case and those of two other plaintiffs represented by Plaintiff's counsel with cases pending before this Court.

6.     Accordingly, the Parties request that this Court issue an order staying discovery and pretrial deadlines until April 19, 2021.

7.     A district court has broad discretion over pretrial discovery rulings. *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998); *accord Republic of Ecuador v. Hinchee,* 741 F.3d 1185, 1188-89 (11th Cir. 2013); *Thermal Design, Inc. v. Am. Soc'y of Heating, Refrigerating & Air-Conditioning Eng'rs, Inc.,* 755 F.3d 832, 837 (7th Cir. 2014); *see also Cook v. Kartridg Pak Co.,* 840 F.2d 602, 604 (8th Cir. 1988) ("A district court must be free to use and control pretrial procedure in furtherance of the orderly administration of justice.").

/ / /

8.      Under Federal Rules of Civil Procedure 26(c) and 26(d), a court may limit the scope of discovery or control its sequence. *Britton*, 523 U.S. at 598. Although settlement negotiations do not automatically excuse a party from its discovery obligations, the parties can seek a stay prior to the cutoff date. *Sofo v. Pan-Am. Life Ins. Co.,* 13 F.3d 239, 242 (7th Cir. 1994); *see also Wichita Falls Office Assocs. v. Banc One Corp.,* 978 F.2d 915, 918 (5th Cir. 1993) (finding that a "trial judge's decision to curtail discovery is granted great deference," and noting that the discovery had been pushed back a number of times because of pending settlement negotiations).

9.      Facilitating the efforts of parties to resolve their disputes weighs in favor of granting a stay. In *Coker v. Dowd*, 2:13-cv-0994-JCM-NJK, 2013 U.S. Dist. LEXIS 201845, at *2-3 (D. Nev. July 8, 2013), the parties requested a 60-day stay to facilitate ongoing settlement negotiations and permit them to mediate global settlement. The Court granted the stay, finding the parties would be prejudiced if required to move forward with discovery at that time and a stay would potentially prevent an unnecessary complication in the case. *Id*. at *3. Here, the Parties have reached a settlement in principle.

10.     The Parties agree that the relief sought herein is necessary to handle the case in the most economical fashion yet allow sufficient time to schedule and complete discovery if necessary, consistent with the scheduling obligations of counsel. The relief sought in this Motion is not being requested for delay, but so that justice may be done.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

GREENBERG TRAURIG, LLP
10845 Griffith Peak Drive
Suite 600
Las Vegas, Nevada 89135
Telephone: (702) 792-3773
Facsimile: (702) 792-9002

**GREENBERG TRAURIG, LLP**
10845 Griffith Peak Drive
Suite 600
Las Vegas, Nevada 89135
Telephone: (702) 792-3773
Facsimile: (702) 792-9002

**WHEREFORE**, Plaintiff and Defendants respectfully request the Court's approval of this stipulation to stay discovery and all pretrial deadlines until **April 19, 2021** to allow the Parties to finalize settlement documents.

**IT IS SO STIPULATED.**

Respectfully submitted on February 16, 2021.


MCSWEENEY LANGEVIN, LLC                    GREENBERG TRAURIG, LLP


By:   ___/s/ David M. Langevin___          By:   ___/s/ Eric W. Swanis___
DAVID M. LANGEVIN, ESQ.                    ERIC W. SWANIS, ESQ.
*Admitted Pro Hac Vice*                    Nevada Bar No. 6840
dave@weststrikeback.com                    swanise@gtlaw.com
filing@westrikeback.com                    10845 Griffith Peak Drive
2116 Second Ave. South                     Suite 600
Minneapolis, Minnesota 55404               Las Vegas, Nevada 89135
Telephone: (612)746-4646
Facsimile: (612) 454-2678                  CHRISTOPHER J. NEUMANN, ESQ.
                                           *Admitted Pro Hac Vice*
KRISTIE L. FISCHER                         1144 15th Street, Suite 3300
Nevada Bar No. 11693                       Denver, Colorado 80202
2565 Coral Sky Court
Las Vegas, Nevada 89142                    *Counsel for Defendants*
fischer.kristie@gmail.com
(702) 218-0253

*Counsel for Plaintiffs*

ORDER

IT IS ORDERED that the parties' stipulation is GRANTED.

IT IS FURTHER ORDERED that by April 19, 2021, the parties must file either dismissal documents or a joint status report concerning the status of settlement.

**IT IS SO ORDERED**

**DATED:** 2:23 pm, February 19, 2021

**BRENDA WEKSLER**
**UNITED STATES MAGISTRATE JUDGE**

4